Matthew N. Evans (7051)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
mevans@rqn.com

Adam J. Karr (18437)
**O'MELVENY & MYERS, LLP**
400 South Hope Street, Suite 1900
Los Angeles, California 90071
Telephone: (213) 430-6516
akarr@omm.com

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL STECKLING,<br><br>Plaintiff,<br><br>TAMIR POLEG,<br><br>Defendant. | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Case No. 2:25-cv-01062-AMA-CMR<br><br>Judge Ann Maire McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |

Defendant Tamir Poleg ("Defendant") respectfully submits his answer and affirmative defenses ("Answer") to the Complaint filed October 21, 2025 ("Complaint") by Plaintiff Michael Steckling ("Plaintiff"). Each of the paragraphs below corresponds to the same numbered paragraph in the Complaint. Defendant denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Defendant further denies that Plaintiff is entitled to the relief requested in the Complaint, or to any other relief.

### PARTIES, JURISDICTION, AND VENUE

1.  Defendant admits that Michael Steckling is an individual residing in Utah County, State of Utah.

2.  Defendant admits that Tamir Poleg is an individual who resides in Israel.

3. The allegations in paragraph 3 contain legal conclusions to which no response is required. To the extent paragraph 3 purports to contain any allegations requiring a response, Defendant admits that the state court had jurisdiction over this matter pursuant to Utah Code § 78A-5-102.

4. The allegations in paragraph 4 contain legal conclusions to which no response is required. To the extent paragraph 4 purports to contain any allegations requiring a response, Defendant denies that the state court had personal jurisdiction over the Defendant consistent with Utah Code § 78B-3-205(3). Defendant expressly denies that he committed any tortious acts within the state of Utah.

5. The allegations in paragraph 5 contain legal conclusions to which no response is required. To the extent paragraph 5 purports to contain any allegations requiring a response, Defendant denies that venue was proper in state court pursuant to Utah Code § 78B-3a-201.

6. Defendant denies that Plaintiff has suffered damages in excess of $300,000.000.

## GENERAL ALLEGATIONS

7. Defendant lacks information sufficient to form a belief as to the date of the Plaintiff's marriage and on that basis denies the allegation.

8. Defendant lacks information sufficient to form a belief as to the ages of Plaintiff's children on that basis denies the allegation.

9. Defendant admits that he was married to Marina Poleg during the relevant time.

10. Defendant admits that he is the CEO and Director of Real Brokerage Inc.

11. Defendant expressly denies making any offer to purchase a home in Park City, Utah for Paige Steckling ("Paige") in exchange for her ending her marriage with Plaintiff. Defendant

2

expressly denies making any such offer in exchange for Paige pursuing a romantic relationship with Defendant.

12. Defendant denies that any such offer was ever made.

13. Defendant expressly denies booking a hotel for himself and Paige in Miami, Florida for February 6 to February 10, 2025.

14. Defendant admits that on or about February 3, 2025, he sent an email to Paige indicating a willingness to provide financial support to Paige after she requested it.

15. Defendant admits that the email indicated that $800,000 would be available immediately and $700,000 would be available in the middle of March.

16. Defendant expressly denies personally selling stock in his company to fund the transaction to Paige.

17. Defendant admits that Paige filed for divorce from Plaintiff in February 2025.

18. Defendant expressly denies specifically organizing any meetings with Paige in Las Vegas, Nevada in October 2024; Park City Utah, Utah in December 2024; or Anaheim, California in January 2025.  All such interactions occurred as a result of work-related events. Defendant expressly denies persuading Paige to leave her marriage and pursue a romantic relationship with Defendant.

19. Defendant expressly denies cultivating an inappropriate or financially intimate relationship with Paige. Defendant expressly denies discussing housing purchases and lifestyle upgrades inconsistent with a professional relationship with Paige.

20. Defendant expressly denies that Plaintiff and Paige were in a "loving, happy, and committed marriage." Defendant expressly denies ever offering Paige any sum of money in exchange for her leaving her marriage.

4933-1099-2775.1
1732452

21. Defendant lacks information sufficient to form a belief as to the truth of the allegation and on that basis denies it.

22. Defendant lacks information sufficient to form a belief as to the truth of the allegation and on that basis denies it.

23. Defendant lacks information sufficient to form a belief as to the truth of the allegation and on that basis denies it.

24. Defendant lacks information sufficient to form a belief as to the truth of the allegation and on that basis denies it.

25. Defendant expressly denies making any offer to Paige in exchange for her leaving her marriage. Defendant expressly denies that Plaintiff and Paige were in a "loving, committed marriage."

26. Defendant expressly denies making any offer to Paige in exchange for her leaving her marriage. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 and denies them on that basis.

## FIRST [ALLEGED] CAUSE OF ACTION
### ([Alleged] Alienation of Affection)

27. Defendant incorporates the preceding paragraphs as if fully set forth herein.

28. Defendant expressly denies that "Plaintiff and Paige were in a loving and committed marriage." Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 and denies them on that basis.

29. Defendant expressly denies ever offering Paige any sums of money in exchange for her leaving her marriage with Plaintiff to pursue a relationship with Defendant.

4933-1099-2775.1
1732452

30.     Defendant expressly denies any allegation that Defendant intentionally alienated Paige's affections from Plaintiff.  Defendant expressly denies any allegation that Defendant invited Paige on expensive and luxurious vacations.  Defendant expressly denies ever offering Paige any sum of money in exchange for her ending her marriage with Plaintiff.

31.     Defendant expressly denies taking any actions to cause Paige to end her marriage. Defendant expressly denies that he had any intent to end Paige's marriage to Plaintiff.

32.     Defendant expressly denies offering Paige any sum of money to end her marriage. Defendant expressly denies that Paige's filing for divorce was in any way connected to Defendant.

33.     The allegations in paragraph 33 contain legal conclusions to which no response is required.  To the extent paragraph 33 purports to contain any allegations requiring a response, Defendant expressly denies taking any actions to interfere with Plaintiff's marriage. Defendant expressly denies that any of his alleged actions were the controlling cause of the alleged alienation of Paige's affections from Plaintiff.

34.     The allegations in paragraph 34 contain legal conclusions to which no response is required. To the extent paragraph 34 purports to contain any allegations requiring a response, Defendant denies that Plaintiff suffered any emotional and financial distress and loss of family stability as a direct result of Defendant's conduct because Defendant did not take any action to intentionally harm Plaintiff's marriage.

35.     The allegations in paragraph 35 contain legal conclusions to which no response is required. To the extent paragraph 35 purports to contain any allegations requiring a response, Defendant denies that Plaintiff has been damaged in an amount "no less than $5,000,000.00 for the loss of comfort, society, and consortium of Paige."

36. The allegations in paragraph 36 contain legal conclusions to which no response is required. To the extent paragraph 36 purports to contain any allegations requiring a response, Defendant expressly denies offering any sum of money to Paige to convince her to leave her marriage. Defendant expressly denies taking any actions in a malicious manner. Defendant expressly denies having a knowing and reckless indifference towards Plaintiff's rights. Defendant expressly denies having any interest in Plaintiff's marriage to Paige. Defendant expressly denies that any punitive damages can be awarded.

## AFFIRMATIVE DEFENSES

37. Without admitting or acknowledging that Defendant bears the burden of proof as to any of them and reserving the right to amend his answer as additional information becomes available, Defendant pleads the following defenses:

## FIRST AFFIRMATIVE DEFENSE

38. Plaintiff fails to state a claim upon which relief can be granted because he does not allege facts sufficient to establish each essential element of alienation of affection in Utah, including a valid marriage, genuine preexisting love and affection, willful and intentional wrongful conduct by Defendant, alienation of affection, and resulting loss of consortium.

## SECOND AFFIRMATIVE DEFENSE

39. At the relevant time, there was no genuine love or affection existing between Plaintiff and Plaintiff's spouse. Any consortium, comfort, society, or affection alleged to have been lost by Plaintiff did not exist and therefore could not have been alienated by Defendant.

## THIRD AFFIRMATIVE DEFENSE

40. Plaintiff's spouse expressed her intent to separate from Plaintiff before any of Defendant's alleged conduct occurred.

4933-1099-2775.1
1732452

### FOURTH AFFIRMATIVE DEFENSE

41. Defendant did not act with willful malice, ill will, or wrongful intent toward Plaintiff or Plaintiff's marriage. Any alleged interactions with Plaintiff's spouse were undertaken without malice and without any intent to injure Plaintiff and disrupt the marriage.

### FIFTH AFFIRMATIVE DEFENSE

42. Defendant's alleged conduct was not the producing, proximate, or controlling cause of any alleged alienation of affection. To the extent Plaintiff suffered any loss of affection, such loss was caused by independent, superseding, or intervening factors other than Defendant's alleged conduct.

### SIXTH AFFIRMATIVE DEFENSE

43. Plaintiff connived in, acquiesced to, or facilitated the alleged conduct at issue, including by permitting or failing to object to the alleged relationship or interactions.

### SEVENTH AFFIRMATIVE DEFENSE

44. Plaintiff's own misconduct towards Plaintiff's spouse caused any loss of love or affection.

### EIGHTH AFFIRMATIVE DEFENSE

45. Plaintiff has suffered no compensable actual damages proximately caused by Defendant. Plaintiff's injuries are speculative, unsupported, or attributable to causes other than Defendant's alleged conduct.

### NINTH AFFIRMATIVE DEFENSE

46. Plaintiff's claim for punitive damages is barred because Defendant did not act with malice. Plaintiff cannot prove that Defendant engaged in willful and malicious conduct warranting punitive damages.

4933-1099-2775.1
1732452

### TENTH AFFIRMATIVE DEFENSE

47. Plaintiff's claims were caused by his own actions or inactions.

### ELEVENTH AFFIRMATIVE DEFENSE

48. Plaintiff has failed to take reasonable steps to mitigate his damages.

### TWELFTH AFFIRMATIVE DEFENSE

49. Plaintiff's claims are barred in part, and entirely by the contributory fault of others including himself, Paige, and other individuals not yet known.

### THIRTEENTH AFFIRMATIVE DEFENSE

50. To the extent any claim or category of damages accrued outside the applicable limitations period, including any portion of damages predating that period, such relief is barred by the statute of limitations and related doctrines.

Defendant reserves the right to assert additional affirmative defenses as they become known through investigation and discovery.

### PRAYER FOR RELIEF

To the extent a response to the requested relief is required, Defendant denies that Plaintiff is entitled to any of the requested relief. Defendant expressly denies taking any tortious actions to intentionally interfere with Plaintiff's marriage. Defendant expressly denies that any of Defendant's alleged conduct was the controlling cause of Plaintiff's divorce. Defendant seeks costs and attorney fees as permitted by Utah law and such other and further relief as ordered by the Court.

4933-1099-2775.1
1732452

DATED this 16th day of January, 2026.

                                  RAY QUINNEY & NEBEKER P.C.

                                  */s/ Matthew N. Evans*
                                  Matthew N. Evans
                                  Adam J. Karr
                                  *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January, 2026, I caused to be electronically filed the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the Utah Trial Court/ECF system giving notice to counsel of record:

> PARSONS BEHLE & LATIMER
> Erik A. Christiansen
> EChristiansen@parsonsbehle.com
> *Attorney for Plaintiff*

1727454

                                                       */s/  Janae Kidd*

4933-1099-2775.1

1732452